UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALBERT KWOK LEUNG KWAN, <br><br> Defendant. | CR06-305Z <br><br> ORDER |

Defendant Kwan's unopposed Motion to Amend Conditions of Release, docket no. 80, is GRANTED. The GPS tracking condition is hereby removed from the conditions of release. All other conditions of pretrial release shall remain the same.

Defendant Kwan's Second Motion to Extend Time for Replying to Government Responses, docket no. 79, is STRICKEN AS MOOT. The Defendant's Replies, docket nos. 84 and 85, filed on February 9, 2007 in connection with the Defendant's motions to suppress and to compel disclosure of polygraph statements, will be considered by the Court as timely filed.

Defendant Kwan's Motion to Compel Discovery (Polygraph Statements and Results), docket no. 66, is GRANTED IN PART. Any written or recorded statement of the Defendant provided in connection with the November 2006 polygraph examination shall be produced within 10 days of this Order. See Criminal Rule 16(a)(B). The Motion is DENIED as to the

MINUTE ORDER   1–

reports of the polygraph examinations and charts, files, notes, reports or other items related to the polygraph because Defendant has failed to demonstrate the items are material to preparing the defense and the Government does not intend to use the items in its case-in-chief at trial.  See Criminal Rule 16(a)(F).

Defendant Kwan's Motion to Suppress Evidence, docket no. 69, is DENIED. Defendant has failed to make a substantial preliminary showing that any of the statements of Detective Gasperetti's affidavit or the statements of Special Agent Gallegos amounted to a misrepresentation or that any material statements were intentionally or recklessly misleading. Defendant is not entitled to an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  Based on the information in the Gasperetti affidavit there was probable cause to support the search warrant under all the circumstances.  There was also probable cause to issue the ATF warrant based on the sworn affidavit of Special Agent Gallegos.  See Illinois v. Gates, 462 U.S. 213 (1983).

Defendant's unopposed Motion to Continue Trial Date, docket no. 87, is GRANTED IN PART.  The trial now scheduled for March 12, 2007 is continued until April 9, 2007. The ends of justice served by this continuance outweighs the best interest of the public and the defendant in a speedy trial.  All time from March 12, 2007 until April 9, 2007 is excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(i) to allow the Defendant to adequately prepare for trial.  The Court does not extend the motions cut-off.

IT IS SO ORDERED.

DATED this 22nd day of February, 2007.

/s Thomas S. Zilly

_____
THOMAS S. ZILLY
United States District Judge

MINUTE ORDER   2–