THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALBERT KWOK-LEUNG KWAN,

    Defendant.

No. CR06-305Z

ORDER

THIS MATTER comes before the Court on the United States' Motion to Dismiss Defendant's Civil Action for Equitable Relief for Failure to State a Claim, docket no. 186. Having reviewed the papers filed in support of, and opposition to, the motion, the Court hereby DENIES the motion.

A. <u>VP70M and its Associated Stock and Associated Stock of VP70Z</u>

Kwan has requested that the VP70M and two stocks be sent to Len Savage in Franklin, Georgia. The Government objects to the return of this property arguing that a defendant's motion for return of seized property should be denied if a defendant is

ORDER - 1

not entitled to the lawful possession of the seized property. See United States v. Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991). Additionally, the Government relies on two federal statutes as examples where Congress has articulated that property may not be returned if possession would be illegal. See 18 U.S.C. § 924(d)(1) (acquittal under Gun Control Act where forfeiture not allowed if return of property would place owner in violation of law); 18 U.S.C. § 983(a)(1)(F) (where notice improper, government must give property back unless person cannot legally possess property). While Kwan admits that he may not legally possess the VP70M in Washington, whether or not Kwan can legally possess the VP70M and two stocks in Washington is not relevant. See reply to United States' motion to dismiss at 2 (docket no. 187). Kwan is not requesting that these weapons be returned to him; he requests that the VP70M and two stocks be sent to locations outside of Washington where they are presumably legal.

The Government then argues that Kwan may not have the weapons sent out of state. According to the Government, where a person cannot legally possess the weapon, the person cannot delegate a possessory interest to an agent or third party. See United States v. Craig, F. Supp. 85, 89 (N.D.N.Y. 1995); United States v. Headley, 50 Fed. Appx. 266, 267 (6th Cir. 2002). In both Craig and Headley, defendants were convicted in federal court and state court, respectively, and they sought to transfer the weapons they were unable to possess because of the convictions. Unlike Craig and Headley, Kwan has not been convicted of any crime; Craig and

Headley, therefore, are distinguishable. Accordingly, the Court DENIES the motion to dismiss with respect to the VP70M and the two stocks (one from the VP70Z and the other from the VP70M).

B. VP70Z

Kwan has also requested that the VP70Z pistol be returned to him because possession under federal and state law is legal. Conversely, the Government argues that Kwan is not entitled to the VP70Z because the VP70Z and its stock should be treated together, which would make possession of both a violation under RCW § 9.41.190 (constituting a "short-barreled" rifle). The Government cites a number of cases where courts have held that a disassembled and inoperable firearm can constitute a firearm for purposes of the state statute. See, e.g., State v. Padilla, 95 Wn.2d 531, 532 (1999) (where disassembled firearm could be rendered operational with reasonable effort and within a reasonable time period). The VP70Z and its associated stock will not be in the same state. Neither the cases, nor any of the Government's other arguments address this. Accordingly, the Court DENIES the motion to dismiss with respect to the VP70Z.

C. M-14

Kwan has requested compensation for the destroyed M-14. The Government, however, argues that Kwan should not be compensated for the destruction of the M-14 because he had "unclean hands." See Keystone Driller Co. v. Gen. Excavator Co.,

290 U.S. 240, 245 (1993). A court may not exercise equitable powers where the person has acted fraudulently, or who by deceit or any unfair means has gained an advantage. Id. According to the Government, Kwan was denied a permit for the M-14's storage in Washington, but ATF nonetheless found the M-14 in his Bellevue home. The Government admits that after the M-14 was found, ATF gave permission for Kwan to move the M-14 to Nevada. Motion to dismiss at 17 (docket no. 186). Since the Government did not pursue legal action, there is no proof of "unclean hands," only allegations in the motion. More importantly, since the Government agreed to the transfer after the alleged illegal possession, it cannot now try to punish Kwan.

The Government also points to the fact that Kwan lost his Federal Firearms Licenses as additional proof of "unclean hands." Kwan lost his license because (1) Kwan had not used his Federal Firearms Licenses for their intended purposes, and (2) Kwan had not cooperated with the ATF inspectors when they attempted to conduct inspections at Kwan's licensed premises. Kwan v. BATF, 2005 WL 1994072 at *1. This was not a criminal matter, but an appeal from the licensing board; it only concerned his license to manufacture guns and ammunition; it would not have rendered him unable to keep the M-14 in Nevada and therefore does not preclude the return or compensation for the M-14. Accordingly, the Court DENIES the motion to dismiss with respect to the M-14.

D. <u>M-14 Parts</u>

Kwan has requested compensation for the destroyed M-14 parts. The Government, on the other hand, argues that he should not be compensated because possession of the M-14 parts would violate RCW § 9.41.190. Kwan does not address whether or not the parts would be illegal to possess under Washington law. If possession of the parts is illegal, then he may not be entitled to compensation for their destruction. There are material issues of fact as to whether possession of these parts would be illegal under Washington law. Accordingly, the Court DENIES the motion to dismiss with respect to the M-14 parts.

IT IS SO ORDERED.

DATED this 22nd day of June, 2011.

Thomas S. Zilly
United States District Judge